# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2373

_____

| | |
|---|---|
| Lowell Boyd Thacker, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| St. Louis Southwestern Railway | * |
| Company, doing business as Southern | * |
| Pacific Transportation Company, | * |
| | * |
| Appellee. | * |

_____

Submitted: March 16, 2001

Filed: July 31, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, and FENNER[1], District Judge.

_____

HEANEY, Circuit Judge.

_____

[1]The Honorable Gary A. Fenner, United States District Judge, for the Western District of Missouri, sitting by designation.

Lowell Boyd Thacker appeals the district court's[2] dismissal of Count II of his Federal Employer's Liability Act (FELA) complaint, arguing that it is not preempted by the Railway Labor Act (RLA). Because Thacker's claims within Count II are "minor disputes" within the purview of the RLA, we affirm.[3]

## I. Background

Thacker began working for the St. Louis Southwestern Railway Company ("Railroad") in 1969, and worked there until he was dismissed in March, 1998. During the period relevant to this appeal he worked as a porter, which involved the general cleaning of offices and replenishing of supplies. He had an excellent work record. On July 23, 1992, Thacker slipped on a bolt and injured his right thumb while at work. He remained an employee of the Railroad while he received treatment for his thumb injury, but he never returned to work.

On August 13, 1997, Thacker was instructed to attend a medical examination and drug screening to determine his fitness for duty, but he failed to do so. The Railroad arranged for an investigative hearing regarding this matter on September 11, 1997, which Thacker also failed to attend. The Railroad assessed a level 2 disciplinary penalty against him for noncompliance with its requests.

On February 26, 1998, the Railroad instructed Thacker to provide updated medical documentation regarding his thumb condition no later than March 9, 1998, or risk further disciplinary action. He requested additional time to submit medical records, and mistakenly believed that he had been granted an extension. He failed to meet the

[2]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

[3]We do not reach Thacker's other issues on appeal because they are without merit.

March 9 deadline. On March 20, 1998, the Railroad held a disciplinary hearing regarding Thacker's failure to provide the requested information on time. The Railroad assessed Thacker a disciplinary penalty of level 5, resulting in his permanent dismissal. At the March 20 hearing Thacker became nauseated, fell, and injured his back and neck while moving to the restroom to vomit.

Thacker brought a negligence claim against the Railroad under the FELA in district court. In his second amended complaint Thacker alleged in Count I that the Railroad was negligent for failing to prevent Thacker's thumb injury. Count II alleged that the Railroad was negligent for 1) demanding that Thacker return to Railroad property for the disciplinary hearing when the Railroad previously had failed to provide a safe place for Thacker to work; and 2) requiring him to travel eighty miles to attend the hearing, constituting extreme and outrageous conduct done with the intent to cause Thacker to suffer severe emotional distress. The court granted the Railroad's motion to dismiss Count II because it found that the claim was preempted by the RLA, 45 U.S.C. §§ 151 et. seq.

Count I was tried before a jury on two occasions in 2000. The first trial ended in mistrial because the jury could not reach a verdict. The second trial resulted in a verdict for the plaintiff with a finding of fifty percent contributory negligence, providing the plaintiff with damages in the amount of $10,658.25. The district court denied plaintiff's motions for judgment notwithstanding the verdict and for a new trial.

II. Analysis

We review the district court's preemption decision with respect to Count II de novo. Taggart v. Trans World Airlines, Inc., 40 F.3d 269, 272 (8th Cir. 1994). Thacker asserts that his negligence claim arising from the disciplinary hearing requires a factual inquiry into the Railroad's motives and Thacker's conduct, issues that are not governed by the collective bargaining agreement (CBA) and not preempted by the

RLA. The Railroad argues in response that the Railroad's scheduling of the disciplinary hearing is governed by the CBA, requiring binding arbitration before the National Railroad Adjustment Board (NRAB).

In Count II Thacker alleges that the Railroad failed to provide a safe place to work at the disciplinary hearing because it scheduled the hearing on railroad property, far from Thacker's home, knowing that being on Railroad property presented a danger to Thacker. None of Thacker's Count II allegations relate to the physical condition of the premises and the danger they posed to Thacker. Instead, they pertain to the Railroad's scheduling decisions for the disciplinary hearing. Accordingly, Thacker's complaints are "minor disputes" involving the interpretation of the CBA and are subject to arbitration under the RLA. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252-53 (1994).

Because the propriety of the disciplinary hearing is a minor dispute subject to arbitration under the RLA, we affirm the district court.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.